IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY<br>717 Mulberry Street<br>Des Moines, Iowa 503009<br><br>Plaintiff.<br><br>v.<br><br>THE CHURCH OF THE LIVING GOD INTERNATIONAL, INC.<br><br>Serve Statutory Agent:<br>Joseph White<br>7048 Pleasant Colony Drive<br>Blacklick, Ohio 43004<br><br>And<br><br>HARVEST CHURCH OF HAMPTON<br><br>Defendants | Case No.: 1:18-cv-287<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Comes now the Plaintiff, Employers Mutual Casualty Company (EMC), and pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. 2201, states as follows for its Complaint for Declaratory Judgment against the Defendants:

## THE PARTIES

1. EMC is an Iowa corporation, whose principal place of business is in Des Moines, Iowa. EMC is a property and casualty insurer, authorized and licensed to conduct business in the state of Ohio.

2. Effective January 1, 2018, Hamilton Mutual Insurance Company merged with and into EMC. As a result of the merger, EMC became the successor in interest to all insurance policies issued by Hamilton Mutual prior to the merger effective date, and

EMC assumed all rights and obligations of Hamilton Mutual under such policies. At the time of this merger, Hamilton Mutual was an Iowa corporation whose principal place of business was in Des Moines, Iowa. At all times relevant hereto, Hamilton Mutual was authorized and licensed to provide insurance in this state of Ohio.

  3. The Church of the Living God International, Inc. is a religious body located in Columbus, Ohio, and whose principal place of business is in Columbus, Ohio. It has been an Ohio non-profit corporation since April 16, 2001. Upon information and belief, it operated as an unincorporated entity prior to April 16, 2001.

  4. Upon information and belief, Harvest Church of Hampton, is a Virginia non-stock corporation whose principal place of business in Hampton, Virginia.

  5. Upon information and belief, Harvest Church of Hampton is a successor in interest to Heaven's Gate, a Virginia Church.

## JURISDICTION AND VENUE

  6. This is an action for declaratory judgment brought pursuant to 28 U.S.C. 2201. EMC seeks a declaration of its rights and responsibilities arising from multiple policies of insurance entered into between it and The Church of the Living God International, Inc.

  7. The insurance policies at issue are all Ohio contracts entered into in the state of Ohio and involving an Ohio insurance broker.

  8. Harvest Church of Hampton is named as a party so that any declaratory judgment entered into by this Honorable Court is binding upon it, pursuant to the Ohio Supreme Court decision in *Estate of Heintzelman v. Air Experts, Inc.,* 126 Ohio St. 3d 138, 2010-Ohio-3264, 931 N.E. 2d 548 (2010).

9. Upon information and belief, Harvest Church of Hampton and/or its predecessor in interest was affiliated within the ecclesiastical structure of The Church of the Living God International, Inc. Due to this affiliation, Harvest Church of Hampton and/or their predecessor in interest had regular contact with The Church of the Living God International, Inc. in Ohio, including but not limited to financial dealings, real estate dealings, and dealings pertaining to the relationship and affiliation between the two entities.

10. This Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. 1332, as there is total and complete diversity between the parties.

11. Venue is proper before this Honorable Court pursuant to 28 U.S.C. 1391(b), as this is the United States District Court for the district and division where the policyholder, The Church of the Living God International, Inc., is incorporated, has its principal place of business, and where the insurance policies at issue were entered into. Furthermore, a substantial part of the events or omissions giving rise to the claims set forth in the Underlying Lawsuit, upon which this Declaratory Judgment action is based, occurred in Columbus, Ohio.

12. The amount in controversy between the parties exceeds $75,000.00.

## UNDERLYING LAWSUIT

13. On December 29, 2017, Harvest Church of Hampton filed suit against The Church of the Living God International, Inc. in the Circuit Court for the City of Hampton, Virginia, case number CL17002871-00. This proceeding is referred to herein as "the Virginia litigation."

14. A copy of the Virginia lawsuit, with all exhibits thereto, is attached as Exhibit A.

15. There are six counts to the Virginia lawsuit, and they are as follows:

   1. Actual Fraud
   2. Constructive Fraud
   3. Unjust enrichment
   4. Equitable estoppel
   5. Breach of fiduciary duties
   6. Breach of contract

16. Among the relief sought in the Virginia litigation is an award of punitive damages.

17. The Church of the Living God International, Inc. requested EMC to defend it in the Virginia lawsuit. EMC has agreed to do so, under a reservation of rights.

## EMC INSURANCE POLICIES

18. Hamilton Mutual Insurance Company issued a Commercial General Liability (CGL) insurance policy to The Church of the Living God International, Inc., beginning February 26, 1998. The CGL policy remained in effect through Hamilton Mutual, through February 26, 2017.

19. Effective February 26, 2017, The Church of the Living God International, Inc.'s CGL policy was written by EMC, and has been so continuously since that date.

20. Hamilton Mutual Insurance Company entered into a Business Owners (BOP) insurance policy with The Church of the Living God International, Inc., beginning on March 18, 1999. Hamilton Mutual continued to write the BOP policy through February 26, 2014.

21. From February 26, 2014 through the present, EMC has written the BOP policy for The Church of the Living God International, Inc.

22.     Copies of these insurance policies are not attached to this Complaint because of their voluminous nature, but they will be made available to all counsel, the parties, and the Court, during the course of discovery and throughout this litigation.

23.     The policies between EMC contain express terms and conditions regarding EMC's duty to defend and duty to indemnify their insured.

24.     The relevant portions of EMC's CGL policy state as follows:

**SECTION I** - **COVERAGES**
**COVERAGE A** - **BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1.     Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1)    The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
      (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment *of* judgments *or* settlements under Coverages **A** or **B** or medical expenses under Coverage C.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
   **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed

5

under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.
- **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
  - (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
  - (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  - (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
- **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, Joss of services or death resulting at any time from the "bodily injury".

**2**. **Exclusions**

This insurance does not apply to:

    **a**. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    **b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

    (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*\*\*

**j. Damage To Property**

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement,

enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\*\*\*

### COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY
**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section Ill - Limits Of lnsurance; and
   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or **B** or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior** To **Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**
"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".
**g. Quality Or Performance Of Goods – Failure To Conform To Statements**
"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

\*\*\*

**SECTION V - DEFINITIONS**
1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
   b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*\*\*

17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

8

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
For the purposes of this insurance, electronic data is not tangible property.
As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD- ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*\*\*

**GENERAL LIABILITY ESSENTIAL EXTENSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The COMMERCIAL GENERAL LIABILITY COVERAGE FORM is amended to include the following clarifications and extensions of coverage. The provisions of the coverage part apply unless modified by endorsement.

**A. EXPECTED OR INTENDED INJURY**
  **Section** I - **Coverage A,** Exclusion **a.** is amended as follows:
  **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of an insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

  \*\*\*

**N. MENTAL ANGUISH**
  **Section V**- **Definition 3.** is replaced by the following.
  "bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from bodily injury, sickness or disease.

  \*\*\*


25. The relevant portions of EMC's BOP policy state as follows:

**SECTION II** - **LIABILITY**
**A. Coverages**
  **1. Business Liability**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and

9

advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph **D.** Liability And Medical Expenses Limits Of Insurance in Section II - Liability; and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services Is covered unless explicitly provided for under Paragraph f. Coverage Extension- Supplementary Payments.

**b.** This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; and Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person

10

or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*\*\*

## B. Exclusions

### 1. Applicable To Business Liability Coverage

This insurance does not apply to:

#### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

#### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses Incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*\*\*

#### k. Damage To Property

"Property damage" to:

(1) Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\*\*\*

11

### p. Personal And Advertising Injury

"Personal and advertising injury":

(1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

(2) Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity;

(3) Arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period;

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

(5) Arising out of a breach of contract, except an implied contract to use another's advertising Idea in your "advertisement":

(6) Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

(7) Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

\*\*\*

### r. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\*\*\*

### F. Liability And Medical Expenses Definitions

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   **a**. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   **b**. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

12

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

\*\*\*

17. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD· ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*\*\*
## SECTION II - LIABILITY
**Section II** - **Liability** is amended to include the following clarifications and extensions of coverage. The provisions of the coverage form apply unless modified by the endorsement.

\*\*\*

7. Paragraph **F.3. Liability And Medical Expenses Definitions** is replaced by the following:

    **3**. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death, resulting from any of these at any time.

13

## **THE EXISTENCE OF A JUDICABLE CONTROVERSY**

26. The Church of the Living God International, Inc. has requested that EMC defend and indemnify it against the allegations asserted by the Harvest Church of Hampton in the Virginia litigation.

27. There is no coverage due under any of the EMC policies because the acts and conducts alleged in the Virginia litigation do not constitute an "occurrence," "bodily injury," or "property damage," as defined by any of the potentially applicable EMC insurance policies.

28. There is no coverage under any of the EMC policies, as the acts and damages alleged in the Virginia litigation do not meet the polices' definitions of "personal injury," "advertising injury," or "personal and advertising injury."

29. There is no coverage under any of the EMC policies based on the policies' exclusions including, without limitation, "bodily injury" and "property damage" exclusions for "expected or intended injury," "contractual liability," and "damage to property," and various "personal and advertising injury" exclusions, as more fully set forth in paragraphs 24 and 25 above.

30. There is no coverage under any of the EMC policies for punitive damages based upon Ohio common law and Ohio public policy.

WHEREFORE, Plaintiff prays that this Honorable Court issue an order declaring it has no duty to defend or indemnify The Church of the Living God International, Inc. on any of the claims asserted in the Virginia litigation.

Respectfully submitted,

/s/Thomas F. Glassman
Thomas F. Glassman (0061466)
Bonezzi Switzer Polito & Hupp Co., LPA
312 Walnut Street, Suite 2530
Cincinnati, Ohio 45202
Phone : (513) 345-5502
Fax:    (513) 345-5510
Email tglassman@bsphlaw.com

and

Jay C. Rice (0000349)
Bonezzi Switzer Polito & Hupp Co. LPA
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114
Phone: 216-658-9500
Fax:    216-658-9510
Email jrice@bsphlaw.com

*ATTORNEYS FOR PLAINTIFF*